UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOSEPH CHAMBERS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MAPLEBEAR, INC. (d/b/a INSTACART),

    Defendant.

CIV. A. NO. _____

## CLASS ACTION COMPLAINT

**INTRODUCTION**

1. This case is brought on behalf of individuals who have worked for Maplebear, Inc. d/b/a Instacart ("Instacart") as delivery drivers or full-service shoppers (both referred to here as "drivers") in New York. Instacart provides on-demand grocery shopping and grocery delivery services through a mobile phone application and website. Instacart is based in San Francisco, California, but it does business across the United States and extensively throughout New York.

2. As described further below, Instacart has misclassified its drivers, including Plaintiff Joseph Chambers, as independent contractors when they should be classified under New York law as employees. Based on the drivers' misclassification as independent contractors, Instacart has unlawfully required drivers to pay business expenses (including but not limited to the cost of maintaining their vehicles, gas, insurance, phone and data expenses, and other costs) in violation of New York Labor

Law, Article 19, §§ 193 and 198-b. Instacart has also failed to guarantee and pay its drivers minimum wage for all hours worked and it has failed to pay overtime premiums for hours worked in excess of forty hours per week in violation of NYLL Article 6 §§ 190 *et seq.*, Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations. Instacart has also failed to comply with notice and recordkeeping requirements in violation of NYLL, Article 6, 195(1) and failed to provide accurate wage statements in violation of NYLL, Article 6, 195(3).

   3. Plaintiff brings these claims on behalf of himself and all other similarly situated drivers pursuant to Fed. R. Civ. P. 23. He seeks recovery of damages for himself and the class, as well as declaratory and injunctive relief, requiring Instacart to reclassify its drivers as employees in New York.

## II. **PARTIES**

   4. Plaintiff Joseph Chambers is an adult resident of Williamsville, New York, where he has worked as a driver for Instacart since November 12, 2019. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as drivers for Instacart throughout New York.

   5. Defendant Mablebear, Inc. ("Instacart") is headquartered in San Francisco, California.

## III. **JURISDICTION**

   6. This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Instacart is a California citizen, incorporated in Delaware and the putative plaintiff class reside primarily in New York; there are more than 100 putative class members; and the

amount in controversy exceeds $5 million. The putative class, including Plaintiff Chambers, has worked in the state of New York.

7. Venue is proper in this Court pursuant to 28 U.S. Code § 1391(d), because Defendant engages in extensive business activities in and throughout the State of New York, including the Southern District of New York.

## IV. STATEMENT OF FACTS

8. Defendant Mablebear, Inc. ("Instacart") operates a same-day grocery delivery service, which engages drivers across the state of New York to deliver groceries to its customers at their homes and businesses.

9. Instacart engages delivery drivers and full-service shoppers (both referred to here as "drivers") across the country to prepare and deliver grocery orders.[1]

10. Plaintiff Joseph Chambers has worked as a driver for Instacart at various times and continues to deliver groceries for Instacart.

11. Instacart classifies its drivers like Mr. Chambers as "independent contractors," but under New York law, they should be classified as employees.

12. Instacart drivers perform services within Instacart's usual course of business, which is a grocery delivery service. The drivers' services are fully integrated into Instacart's business. Without drivers to perform deliveries, Instacart would not exist.

---

[1] "Full-service shoppers" shop for the grocery items, as well as deliver them to customers. Instacart also engages "in-store shoppers" (many of whom it classifies as employees) who pick out and shop for groceries but do not deliver the groceries. These "in-store shoppers" (who do not deliver) are not the subject of this Complaint.

13. Instacart drivers are not typically engaged in their own grocery delivery business. When delivering items for Instacart customers, they wear the "hat" of Instacart.

14. In addition, Instacart maintains the right of control over the drivers' performance of their jobs and exercises detailed control over them.

15. Instacart communicates directly with customers and follows up with drivers if the customer complains that something was not delivered or that the delivery otherwise failed to meet their expectations. Based on any customer feedback, Instacart may suspend or terminate drivers.

16. Instacart customers cannot request a specific driver and must place their orders through Instacart rather than with any particular driver.

17. Instacart drivers do not need special qualifications or experience apart from a valid driver's license and two years' of experience driving and the ability to lift 30-40 pounds (of groceries).

18. Instacart drivers sign up for shifts in advance and must wait in specified locations to receive deliveries.

19. Instacart does not reimburse drivers for any expenses they may incur while working for Instacart, including, but not limited to the cost of owning or leasing and maintaining their vehicles, gas, insurance, and phone and data expenses for running the Instacart Application. Drivers incur these costs as a necessary expenditure to work for Instacart, which New York law requires employers to reimburse.

20. Instacart drivers have not always received an hourly wage. Instead, they have been paid based on a combination of fees per delivery and fees per item

purchased. Instacart has failed to ensure that its drivers receive the applicable state minimum wage for all hours worked, and delivery drivers frequently do not receive minimum wage for all hours worked, particularly given that customers' tips cannot count toward Instacart's minimum wage obligations.

21. Furthermore, Instacart does not provide proper itemized wage statements to drivers with necessary information regarding how their pay is calculated.

22. Instacart drivers are engaged in interstate commerce. At times, drivers transport goods across state lines. Furthermore, drivers are engaged in interstate commerce as they routinely transport goods that are within the flow of interstate commerce, which have been shipped from out of state and were destined to reach the homes of customers in New York.

23. Instacart does not reimburse drivers for any necessary expenses they incur while working for Instacart, including, but not limited to the cost of acquiring and maintaining their vehicles, gas, insurance (all of which can be reasonably estimated based upon the IRS vehicle reimbursement rate), as well as phone and data expenses for running the Instacart application. Drivers incur these costs as a necessary expenditure to work for Instacart, and their payment of these costs are effectively improper deductions from the drivers' wages. See NYLL, Article 19, § 193 (3)(a) ("No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages…."); NYLL, Article 19, § 198-b ("it shall be unlawful for any person, either for that person or any other person, to request, demand, or receive, either before or after such employee is engaged, a return, donation or contribution of any part

or all of said employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment."). On average, Mr. Chambers incurred an average of approximately $325 in business expenses each week.

24. Instacart has violated NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations by failing to assure that drivers make the applicable minimum wage for all hours worked, particularly after accounting for their expenses and other deductions taken from their pay (and also not counting tips they receive). The hours that drivers such as Plaintiff Chambers have worked include hours spent transporting groceries, driving to pick up groceries, and driving back and forth from customers' homes and the grocery stores that Instacart services. On average, Mr. Chambers worked approximately 50 hours per week and made below minimum wage when taking into account business expenses that averaged to $325 per week.

25. Instacart has also violated NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations by failing to pay its drivers the appropriate overtime premium of time-and-a-half their regular rate of pay for all overtime hours worked beyond forty per week. Mr. Chambers has consistently worked more than forty hours per week almost every single week since he began driving for Instacart and was never paid the appropriate premium for hours worked beyond forty per week. The hours that drivers such as Plaintiff Chambers have worked include hours spent transporting groceries, driving to pick up groceries, and driving back and forth from customers' homes and the grocery stores that Instacart services.

## V. CLASS ACTION ALLEGATIONS

26. The class representative, Plaintiff Chambers, has brought this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Instacart drivers who have worked for Instacart in New York.

27. The class representative and other class members have uniformly been misclassified as independent contractors.

28. The members of the class are so numerous that joinder of all class members is impracticable.

29. Common questions of law and fact regarding Instacart's conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

   a. Whether class members have been required to work under Instacart's direction and control;

   b. Whether the work performed by class members—providing grocery delivery services to customers—is within Instacart's usual course of business, and whether such service is fully integrated into Instacart's business;

   c. Whether class members are engaged in an independently established business or occupation while they are transporting Instacart customers;

   d. Whether class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, smart phone, and other expenses;

30. The class representative is a member of the class, who suffered damages as a result of Instacart's conduct and actions alleged herein.

31. The class representative's claims are typical of the claims of the class and he has the same interests as the other members of the class.

32. The class representative will fairly and adequately represent and protect the interests of the class. The class representative has retained able counsel experienced in class action litigation and particularly in the allegations included here. The interests of the class representative are coincident with, and not antagonistic to, the interests of the other class members.

33. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I

**Failure to Reimburse Expenses**

As set forth above, Instacart has misclassified its drivers in New York as independent contractors, in violation of NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations. As a result of this misclassification, drivers have improperly been required to bear the expenses of their employment (such as expenses for maintaining or leasing their vehicles, insurance, gas, phone data charges, and other expenses), in violation of NYLL, Article 19, §§ 193 and 198-b, and the supporting New York State Department of Labor Regulations.

## COUNT II

### Failure to Pay Minimum Wage

By failing to ensure that Instacart drivers receive the full New York minimum wage for all hours worked, Instacart has violated NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

## COUNT III

### Failure to Pay Overtime

By failing to pay Instacart drivers time-and-a-half for all hours worked in excess of forty per week, Instacart has violated NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

## COUNT IV

### Failure to Provide Accurate Wage Statements

Instacart has violated NYLL, Article 6, 195(3), and the supporting New York State Department of Labor Regulations by failing to provide Instacart drivers with accurate statements listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

## COUNT V

### Failure to Comply with Notice and Recordkeeping Requirements

Instacart has violated NYLL, Article 6, 195(1),and the supporting New York State Department of Labor Regulations by failing to provide Instacart drivers with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a.   A declaratory judgment that the Plaintiff and class members are employees, not independent contractors, under New York state law;

    b.      Injunctive relief ordering Instacart to comply with New York law;

    c.      Certification of a class pursuant to Fed. R. Civ. P. 23;

    d.      An order requiring Instacart to provide a complete and accurate accounting of all the wages and reimbursement of expenses to which Plaintiffs and members of the class are entitled;

    e.      An award of damages for all wages, reimbursement of expenses, and liquidated damages that are due to Plaintiffs and members of the class because of their misclassification as independent contractors under New York law;

    f.      An award of prejudgment interest pursuant to CPLR § 5001(a);

    g.      Attorneys' fees and costs; and

    h.      Such further relief as the Court deems just and proper.

Dated: August 23, 2021

Respectfully submitted,

JOSEPH CHAMBERS, individually and on behalf of all others similarly situated,

By his attorneys,
 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
Anne Kramer, *pro hac vice* anticipated
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, akramer@llrlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on August 23, 2021, she filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system

                                              /s/ Shannon Liss-Riordan
                                              Shannon Liss-Riordan